IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00083-NYW

HI-POINT HOME BUILDERS, LLC,

    Plaintiff,

v.

JOHN PAUL LUMAN, and
NICOLE L. LUMAN,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. Upon review of the Notice of Removal [Doc. 1] and the Complaint [Doc. 5], the Court is not satisfied that Defendants have established this Court's subject matter jurisdiction.

A district court has an independent obligation to satisfy itself of its own jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants assert that this Court has federal question jurisdiction over this case pursuant to 28

U.S.C. § 1331.  *See* [Doc. 1 at ¶ 4].[1]  Section 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quotation omitted); *see also Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) ("A case arises under federal law if [the] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). "[T]o support removal jurisdiction, the required federal right . . . must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (quotation omitted).  It "takes more than a federal element to open the 'arising under' door" of § 1331.  *Empire Healthchoice Assurance, Inc. v McVeigh*, 547 U.S. 677, 701 (2006).

"[T]he Court must analyze the complaint to determine whether it is based on federal law." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1237 (D. Colo. 2021).  In the Complaint, Plaintiff raises one state common-law breach of contract claim against Defendants. *See* [Doc. 5].  Broadly, Plaintiff alleges that it entered into a home construction contract with Defendants and that Defendants failed to perform their obligations under the contract.  [*Id.* at ¶¶ 5, 27, 34].  Plaintiff does not allege that Defendants violated any federal law.  *See generally* [*id.*].

---

[1] Defendants do not argue that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  *See* [Doc. 1].

Courts have often recognized that a breach of contract claim does not, on its face, implicate federal law.  *See, e.g.*, *Long v. Petersen*, No. 2:13-cv-260, 2014 WL 931045, at *2 (D. Utah Mar. 10, 2014); *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 714 (10th Cir. 2012) (affirming dismissal of breach of contract claim for lack of subject matter jurisdiction, as "[f]ederal law neither created th[e] cause of action nor [was] federal law a necessary element of it").

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  However, state law claims that raise a substantial question of federal law may be sufficient to establish federal question jurisdiction.  *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  "To invoke this so-called 'substantial question' branch of federal question jurisdiction," the party invoking a federal court's jurisdiction must establish that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Becker*, 770 F.3d at 947 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).  This "substantial question" branch of cases has "narrow boundaries," *id.*, and encompasses only a "special and small category" of cases.  *Gunn*, 568 U.S. at 258.

In their Notice of Removal, Defendants assert that "[t]his case involves a loan that was guaranteed by the [United States Department of Veterans Affairs ("VA")]," and "[t]hus, the State Court Action can be removed to this Court because it raises a federal question."  [Doc. 1 at ¶ 4].  Defendants do not cite legal authority in support of this proposition and do not address the whether this case raises a substantial question of federal law.  *See* [*id.*].  At least one district court has

3

dismissed a breach of contract case for lack of subject matter jurisdiction where the plaintiff alleged that the court had federal question jurisdiction because the subject property was purchased through a loan guaranteed by the VA. *See Rosado v. Crafton Hills Mobile Ests.*, No. 5:17-cv-01582-CAS-SPX, 2017 WL 4570291, at *1, *4 (C.D. Cal. Oct. 11, 2017).

For these reasons, the allegations in the Notice of Removal are presently insufficient for the Court to conclude that it has subject matter jurisdiction over this case. Accordingly, **IT IS ORDERED** that:

(1)  Defendants shall **SHOW CAUSE**, on or before **January 23, 2023**, why this case should not be remanded to state court for lack of federal subject matter jurisdiction.

DATED: January 11, 2023                         BY THE COURT:

_____
Nina Y. Wang
United States District Judge